IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| KYLIA JACKSON-BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:14-cv-01297-GBL-JFA |
| | ) | |
| TECHNICAL AND PROJECT ENGINEERING SERVICES, LLC, | ) ) ) | |
| | ) | |
| Defendant. | | |

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Defendant Technical & Project Engineering Services, LLC's ("Defendant" or "TAPE") Motion to Dismiss (Doc. 2). This case arises from Plaintiff Kylia Jackson-Brown's ("Plaintiff") allegations that Defendant, her former employer, discriminated against her because of her gender and her brother's sexual relationship with her supervisor, Lisa Simpson. This case also involves the allegation that Defendant retaliated against Plaintiff because she filed complaints regarding this discrimination with the Senior Vice President of TAPE and with the Equal Employment Commission ("EEOC").

There are three issues before the Court. First, whether Plaintiff stated a claim for sex discrimination when she asserted she was fired following a failed sexual relationship between Plaintiff's brother and Plaintiff's supervisor. Second, whether TAPE's alleged adverse action, which began before Plaintiff engaged in a protected activity, causally linked the protected activity and the adverse employment action for the purposes of Title VII. Third, whether Plaintiff demonstrated that she exhausted administrative remedies before filing her Complaint with the Court.

The Court GRANTS Defendant's Motion to Dismiss for three reasons. First, the sex discrimination claim is dismissed because the alleged state of affairs between Plaintiff, Plaintiff's brother, and Plaintiff's supervisor do not give rise to a violation of Title VII. Second, the retaliation claim is dismissed because no causal connection exists between Defendant's action and Plaintiff's filing as the alleged adverse employment action occurred before she filed a complaint with the EEOC. Additionally, the retaliation claim is dismissed because Plaintiff did not provide a copy of her EEOC charge with the Complaint and thus did not demonstrate that she exhausted administrative remedies before filing her Complaint.

## I. BACKGROUND

Plaintiff first filed this Title VII Civil Rights Act discrimination case in Fairfax County Circuit Court. Defendant then removed this case to federal court. Defendant's Motion to Dismiss is now properly before the Court.

The allegations which follow are drawn from the Complaint and are reviewed in a light most favorable to the Plaintiff. *Mylan Lab., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). In July 2013, Plaintiff began working at TAPE in its Human Resources department. (Doc. 1-3 ¶¶ 1, 4.) During the first months of her employment, Plaintiff received recognition for her outstanding work and professionalism. (Doc. 1-3 ¶ 1.) By the end of October, however, Plaintiff noticed a "slight change" in rapport with her supervisor, Lisa Simpson. (*Id.*) Ms. Simpson began to monitor Plaintiff's time and ate lunch with Plaintiff on a daily basis. (*Id.*) During one of these daily lunches, Ms. Simpson informed Plaintiff that "[Plaintiff] was the reason why [Ms. Simpson's] sexual relationship with [Plaintiff's] brother ended." (*Id.*)

In December 2013, Plaintiff advised the Senior Vice President of TAPE that Ms. Simpson appeared unhappy with her because of Ms. Simpson's failed relationship with

2

Plaintiff's brother. (*Id.*) Plaintiff further advised the Senior Vice President that she felt Ms. Simpson was harassing her. (*Id.*) After this discussion, Ms. Simpson's monitoring of Plaintiff increased. (*Id.*) Ms. Simpson required Plaintiff to submit a detailed work log describing the work Plaintiff completed each day. (*Id.*) Ms. Simpson also required Plaintiff to provide notice of when Plaintiff arrived to, and left from work, by sending Ms. Simpson an email upon her arrival and departure. (*Id.*) Plaintiff asserts that out of 184 employees, she was the only employee whose daily work product and time were monitored. (*Id.*)

In January 2014, Plaintiff filed a complaint against TAPE with the EEOC. (*Id.* ¶ 3.) The EEOC notified TAPE of Plaintiff's complaint on March 5, 2014. (*Id.*) Immediately thereafter, Ms. Simpson took Plaintiff's personnel file from the human resources file room and kept it in her possession until March 25, 2014. (*Id.*)

In February 2014, Plaintiff discussed her situation with TAPE's human resources auditing firm. (*Id.* ¶ 4.) Following this conversation, TAPE appointed Christine Workman, Vice President of Administration, as Plaintiff's supervisor. (*Id.*) Plaintiff, however, continued to receive assignments from Ms. Simpson because Ms. Workman was unfamiliar with the needs of the Human Resources department. (*Id.*) Plaintiff asserts that after Ms. Workman's appointment, Ms. Simpson emailed Plaintiff more frequently and assigned Plaintiff work with deadlines that were difficult to meet. (*Id.* ¶ 5.)

On March 20, 2014, Plaintiff went to the emergency room as a result of the stress and anxiety she suffered due to her working environment. (*Id.*) Plaintiff resigned from TAPE on March 27, 2015. (*Id.* ¶ 6.)

On June 4, 2014, the EEOC notified TAPE that Plaintiff's EEOC charge had been dismissed because "[b]ased upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes." (*Id.* at 5.)

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move for dismissal when the court lacks jurisdiction over the subject matter of the action. FED. R. CIV. P. 12(b)(1). In considering a Rule 12(b)(1) motion to dismiss, the burden is on the plaintiff to show that federal subject matter jurisdiction is proper. *See United States v. Hays*, 515 U.S. 737, 743 (1995) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). There are two ways in which a defendant may present a Rule 12(b)(1) motion to dismiss. First, a defendant may attack the complaint on its face when the complaint "fails to allege facts upon which subject matter jurisdiction may be based." *Adams*, 697 F.2d at 1219. In such a case, all facts as alleged by the plaintiff are assumed to be true. *Id.*

Alternatively, a Rule 12(b)(1) motion to dismiss may attack the existence of subject matter jurisdiction over the case apart from the pleadings. *See Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)); *White v. CMA Constr. Co.*, 947 F. Supp. 231, 233 (E.D. Va. 1996). In such a case, the trial court's "very power to hear the case" is at issue. *Mortensen*, 549 F.2d at 891. The district court is then free to weigh the evidence to determine the existence of jurisdiction. *Adams*, 697 F.2d at 1219. "No presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Mortensen*, 549 F.2d at 891.

4

A Federal Rule of Civil Procedure 12(b)(6) motion to dismiss should be granted unless an adequately stated claim is "supported by showing any set of facts consistent with the allegation in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561 (2007) (internal citations omitted); *see* FED. R. CIV. P. 12(b)(6). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqubal*, 129 S. Ct. 1937, 1949 (2009); *Twombly*, 550 U.S. at 555. A complaint is also insufficient if it relies upon "naked assertions devoid of further factual enhancement." *Iqbal*, 129 S. Ct. at 1949 (internal citations omitted).

In order to survive a Rule 12(b)(6) motion to dismiss, a complaint must set forth "a claim for relief that is plausible on its face." *Id.*; *Twombly*, 550 U.S. at 570. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949; *Twombly*, 550 U.S. at 556.

In considering a Rule 12(b)(6) motion, the Court must construe the complaint in the light most favorable to the plaintiff, read the complaint as a whole, and take the facts asserted therein as true. *Mylan Lab., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). In addition to the complaint, the court may also examine "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S. Ct. 2499, 2509 (2007). "Conclusory allegations regarding the legal effect of the facts alleged" need not be accepted. *Labram v. Havel*, 43 F.3d 918, 921 (4th Cir. 1995). Because the central purpose of the complaint is to provide the defendant "fair notice of what the plaintiff's claim is and the ground upon which it rests," the plaintiff's legal allegations must be

supported by some factual basis sufficient to allow the defendant to prepare a fair response. *Twombly*, 550 U.S. at 556 n.3.

## III. DISCUSSION

The Court GRANTS Defendant's Motion to Dismiss for three reasons. First, the sex discrimination claim is dismissed because the alleged state of affairs between Plaintiff, Plaintiff's brother, and Plaintiff's supervisor do not give rise to a violation of Title VII. Second, the retaliation claim is dismissed because no causal connection exists between Defendant's action and Plaintiff's filing when the alleged adverse employment action occurred before she filed a complaint with the EEOC. Additionally, the retaliation claim is dismissed because Plaintiff did not provide a copy of her EEOC charge with the Complaint and thus did not demonstrate that she exhausted administrative remedies before filing her Complaint.

### A.  Discrimination Claim

The Court GRANTS Defendant's Motion to Dismiss as to Plaintiff's sex discrimination claim for three reasons. First, Plaintiff failed to allege facts demonstrating that she was harassed because of her sex. Second, Plaintiff failed to allege facts to showing that the alleged harassment was severe or pervasive. Third, Plaintiff failed to allege facts establishing that TAPE constructively discharged her because of her sex.

Title VII of the Civil Rights Act of 1964 provides that it is unlawful for an employer "to limit, segregate, or classify his employees . . . in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, *because of* such individual's race, color, religion, *sex*, or national origin." 42 U.S.C. § 2000e-2(a)(2) (emphasis added). Cases arising under Title VII are generally analyzed under the

three part burden-shifting framework provided by *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

First, *McDonnell Douglas* provides that a plaintiff must establish a *prima facie* case of discrimination. *Id.* at 802. Second, if the plaintiff establishes a *prima facie* case of discrimination, the burden shifts to the defendant to provide a legitimate nondiscriminatory reason for taking the adverse action against the plaintiff. *See Tex. Dept. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254 (1981); *McDonnell Douglas*, 411 U.S. at 802. Here, Plaintiff must allege she was discriminated against because of her gender. *See Oncale v. Sundowner Offshore Servs.*, 523 U.S. 75, 78 (1998). In order to show sex discrimination, a plaintiff must allege that her sex was a factor in an adverse employment action taken by her employer. *See id.* at 79. Third, if the defendant can show a legitimate reason for its adverse action, the burden shifts back to the plaintiff to show that the defendant's reason was pretextual, and the true reason for the adverse action was discriminatory in nature. *See Burdine*, 450 U.S. at 256; *McDonnell Douglas*, 411 U.S. at 804. Defendant challenges the presence of the *prima facie* discrimination prong of the *McDonnell Douglas* framework.

The Court finds that Plaintiff has not pleaded facts sufficient to establish a *prima facie* case of sexual discrimination. To establish a *prima facie* case of discrimination, a plaintiff must demonstrate four factors: "(1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action [taken because of her sex] . . . ; and (4) that similarly situated employees outside the protected class received more favorable treatment." *White v. BFI Waste Servs., LLC*, 375 F.3d 288, 295 (4th Cir. 2004) (citations omitted). The parties do not dispute that Plaintiff is a woman and therefore a member of a protected class, nor that Plaintiff was recognized for her "outstanding work and professionalism," satisfying the second element of

Title VII discrimination. Defendant primarily challenges the third element of sexual discrimination. Notwithstanding the other factors, Defendant contends that adverse employment action is not present and therefore Plaintiff has not established a *prima facie* case of sexual discrimination. However, Plaintiff asserts that Ms. Simpson harassed her which created a hostile working environment constituting an adverse employment action.

### i. Harassment Because of Sex

The Court finds that Plaintiff failed to allege facts demonstrating she was harassed because of her gender. Title VII of the Civil Rights Act provides in pertinent part:

> It shall be an unlawful employment practice for an employer—
>
> . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, *because of such individual's . . . sex*.

42 U.S.C. § 2000e-2(a) (emphasis added). Evidence of a romantic relationship generally will not support a Title VII of the Civil Rights Act discrimination case. *See Ayers v. AT&T Co.*, 826 F. Supp. 443, 445 (S.D. Fla. 1993) (finding preferential treatment of paramour did not violate Title VII but instead was more akin to nepotism, which while potentially unfair, did not constitute discrimination); *French v. Jadon Inc.*, 911 P.2d 20, 27 (Alaska 1996) (finding no *quid pro quo* harassment when employee alleged she was terminated for refusing to date supervisor's brother because employer had a legitimate reason for termination).

Here, Plaintiff does not allege that Ms. Simpson's increased monitoring was *because* Plaintiff is a woman. (*See generally* Doc. 1-3.) Instead, Plaintiff contends that the slight change in her working environment was due to her brother ending his sexual relationship with Ms. Simpson. (Doc. 1-3 ¶ 1.) While this treatment may have been unfair, at most it amounts to a form of reverse nepotism. *See Ayers*, 826 F. Supp. at 445. Nepotism, however, does not

constitute an actionable claim of sexual discrimination against women. *See id.* Accordingly, the Court finds that Plaintiff has failed to establish a *prima facie* case of sexual discrimination.

### ii. Severity and Pervasiveness of Harassment

The Court finds that Plaintiff has not pleaded facts showing that Ms. Simpson's alleged harassment was severe or pervasive. Harassment is unlawful where it is "sufficiently severe or pervasive to alter the conditions of [the plaintiff's] employment and create an abusive working environment." *Meritor Savs. Bank v. Vinson*, 477 U.S. 57, 67 (1986). A working environment is abusive if "a reasonable person in the plaintiff's position" would find it abusive. *See Ohceltree v. Scollon Prods.*, 335 F.3d 325, 333 (4th Cir. 2003) (quoting *Oncale v. Sundowner Offshore Servs.*, 523 U.S. 75, 82 (1998)). In making this determination, the Court considers all of the relevant circumstances including "frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id.* A working environment is altered by sufficiently severe or pervasive conditions when it "is permeated with discriminatory sex-based intimidation, ridicule and insult." *See id.* at 331 (quoting *Harris v. Forklift Sys.*, 510 U.S. 17, 21 (1993)). Therefore, off-hand comments and occasional teasing generally will not result in discriminatory changes in the working environment. *See Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (citations omitted).

Here, viewing the facts in a light most favorable to Plaintiff, the Court finds that Plaintiff has not alleged sufficient facts to demonstrate a working environment filled with severe or pervasive harassment. By Plaintiff's own admission, Ms. Simpson's treatment here amounted to only "slight changes" in Plaintiff's working environment. (Doc. 1-3 ¶ 1.) Plaintiff does not allege that Ms. Simpson's monitoring of Plaintiff's time and work product prevented her from

performing her job or was objectively offensive or burdensome. (Doc. 3 at 12.) At worst, Plaintiff's allegations merely describe typical workplace functions. (*Id.*) Because Plaintiff failed to allege facts demonstrating an abusive working environment, and because she has not alleged differential treatment due to her sex, the Court finds that Plaintiff has failed to establish a *prima facie* case of sex discrimination.

### iii. Constructive Discharge

The Court finds that Plaintiff fails to allege facts demonstrating that TAPE constructively discharged her because she is a female. Constructive discharge is shown when an employer "deliberately ma[kes] [an employee's] working conditions intolerable in an effort to induce [said employee] to quit." *Heiko v. Colombo Sav. Bank, F.S.B.*, 434 F.3d 249, 262 (4th Cir. 2006) (citing *Mativa v. Bald Head Island Mgmt., Inc.*, 259 F.3d 261, 273 (4th Cir. 2001)). However, mere stress does not amount to intolerable conditions because employees are not guaranteed a stress free working environment. *See Heiko*, 434 F.3d at 263 (citations omitted).

Here, Plaintiff asserts that the stress and anxiety she suffered due to sexual discrimination caused her to visit the emergency room on March 20, 2014 and led and her to resign on March 27, 2014. (Doc. 1-3 ¶¶ 5–6.) Plaintiff therefore suggests constructive discharge because the sexual discrimination she endured was a change in her working conditions that led her to quit. However, Plaintiff does not allege that TAPE *deliberately* caused this stress to induce her resignation. Nonetheless, even if Plaintiff's treatment is considered constructive discharge, Plaintiff has not alleged facts to connect this discharge to any act of sex discrimination. (Doc. 3 at 13.) Accordingly, Plaintiff has not pleaded sufficient facts to demonstrate constructive discharge.

The facts alleged in Plaintiff's Complaint do not plausibly demonstrate that her supervisor increased monitoring her *because* she is a female. Further, Plaintiff failed to demonstrate that her treatment was abusive and done deliberately to induce her resignation. Therefore, Plaintiff has not met her burden for a discrimination claim and Defendant's Motion to Dismiss as to Plaintiff's sex discrimination claim is GRANTED.

C.  **Retaliation Claim**

  i.  *Prima Facie* **Case of Retaliation**

The Court GRANTS Defendant's Motion to Dismiss as to Plaintiff's retaliation claim because construing the Complaint in the light most favorable to Plaintiff, and taking the facts asserted as true, the Court cannot draw a reasonable inference that Defendant is liable for the misconduct alleged. When Plaintiff asserts that the retaliatory actions began in October 2013 before she made a complaint with the Senior Vice President of TAPE and before she filed a complaint with the EEOC, the Court cannot infer that the adverse actions taken against Plaintiff were *because* she made said complaints. Further the Court GRANTS Defendant's Motion to Dismiss as to Plaintiff's retaliation claim. Plaintiff's failure to include a copy of her EEOC charge with the Complaint and to verify any of the claims that she asserted in her charge constitute a failure to plead sufficient facts to show that she exhausted her administrative remedies and therefore precludes the Court's subject matter jurisdiction over this case.

Title VII of the Civil Rights Act of 1964, provides that it is unlawful for an employer

> to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding or hearing under this subchapter.

42 U.S.C. § 2000e-3(a). A *prima facie* case of retaliation is demonstrated by "(1) engagement in a protected activity; (2) adverse employment action; and (3) a causal link between the protected activity and the employment action." *Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010); *see also Price v. Thompson*, 380 F.3d 209, 212 (4th Cir. 2004). Defendant challenges the first and third elements of Plaintiff's retaliation claim.

First, the Court finds that Plaintiff has not pleaded sufficient facts to establish that she engaged in a protected activity. The Fourth Circuit recognizes two categories of protected activities: opposition and participation. *See EEOC v. Navy Fed. Credit Union*, 424 F.3d 397, 406 (4th Cir. 2005). "An employer may not retaliate against an employee for participating in an ongoing investigation or proceeding under Title VII, nor may the employer take adverse employment action against the employee for opposing discriminatory practices in the work place." *Laughlin v. Metro. Washington Airports Auth.*, 149 F.3d 253, 259 (4th Cir. 1998). Filing an EEOC complaint generally constitutes protected activity. *See King v. Rumsfeld*, 328 F.3d 145, 151 (4th Cir. 2003). However, a filing of an EEOC complaint is only protected when the plaintiff has a reasonable, good faith belief that the employment practice was an unlawful violation of Title VII. *See Bigge v. Albertsons, Inc.*, 894 F.2d 1497, 1503 (11th Cir. 1990). Unfair or disparate treatment does not amount to an unlawful employment practice. *See Barber v. CSX Distrib. Servs.*, 68 F.3d 694, 702 (3d Cir. 1995) ("[A] general complaint of unfair treatment does not translate into a charge of illegal . . . discrimination.").

Here, Plaintiff filed a complaint with the EEOC in January 2014. (Doc. 1-3 ¶ 3.) While such a filing is generally a protected activity, *see King*, 328 F.3d at 151, Plaintiff has not pleaded sufficient facts to demonstrate that she reasonably believed that the employment practices, including heightened monitoring, were actionable under Title VII. Plaintiff did not assert that

she received differential treatment *because of* her sex. (*See generally* Doc. 1-3.) Instead, Plaintiff asserted that she received differential treatment because she was the sister of a man who ended a sexual relationship with Plaintiff's supervisor. (*Id.* ¶ 1.) Taking these facts as true, and accepting that the "slight changes" in Plaintiff's working environment resulted from the aforementioned sexual relationship, *see id.*, the Court finds that a reasonable employee would not consider this conduct unlawful under Title VII. *See Barber*, 68 F.3d at 702. Plaintiff therefore has not alleged sufficient facts demonstrating that she engaged in a protected activity.

Second, the Court finds that Plaintiff has not pleaded facts sufficient to establish a causal link between the protected activity and the employment action. After a plaintiff identifies an adverse employment action, the plaintiff must demonstrate that the protected activity he or she participated in was the but-for cause of the adverse action taken by the employer. *See Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2521 (2013). However, "[w]here timing is the only basis for a claim of retaliation, and gradual adverse job actions began well before the plaintiff had ever engaged in any protected activity, an inference of retaliation does not arise." *Francis v. Booz, Allen & Hamilton, Inc.*, 452 F.3d 299, 309 (4th Cir. 2006) (quoting *Slattery v. Swiss Reinsurance Am. Corp.*, 248 F.3d 87, 95 (2d Cir. 2001)).

Here, the retaliatory actions Plaintiff complains of began in October 2013. (Doc. 1-3 ¶ 1.) It was at that time that she experienced heightened monitoring and noticed a slight change in rapport between her and her supervisor. (*Id.*) Plaintiff complained to the Senior Vice President of TAPE in December 2013 and filed a complaint with the EEOC in January 2014 about the unfavorable change in her working environment. (*Id.* ¶ 2.) The only facts Plaintiff alleged that point to employment activity occurring *after* she filed the EEOC charge relate to Ms. Simpson's possession of Plaintiff's personnel file from March 5 to March 25, 2014. (*Id.* ¶ 3.) However,

13

Plaintiff has not pleaded any facts showing that mere possession of her personnel file is an adverse employment action to satisfy the second element of a retaliation claim. Therefore, because Ms. Simpson's heightened monitoring began before Plaintiff made a complaint with the Senior Vice President of TAPE and filed a complaint with the EEOC, the Court finds that Plaintiff has not pleaded sufficient facts demonstrating a causal connection between the protected activity and the employment action to establish retaliation.

### ii. Exhaustion of Administrative Remedies

The Court GRANTS Defendant's Motion to Dismiss as to Plaintiff's retaliation claim for lack of subject matter jurisdiction because Plaintiff's failure to include a copy of her EEOC charge with the Complaint and her failure to verify any of the claims that she asserted in her charge constitute a failure to plead sufficient facts to show that she exhausted her administrative remedies.

To bring a Title VII action in district court a plaintiff must exhaust his or her administrative remedies by filing a timely charge of discrimination with the EEOC. *See* 29 U.S.C. § 626(d); *Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009). A failure to exhaust these remedies deprives federal courts of subject matter jurisdiction over a Title VII claim. *Id.* The filing of a sworn charge of discrimination with the EEOC is required for a charge to be valid. *See Balazs v. Liebenthal*, 32 F.3d 151, 156 (4th Cir. 1994). The Fourth Circuit has held that failure to provide verification of a charge through oath or affirmation is fatal to a charge of discrimination under Title VII. *Id.* Further, an EEOC charge may not be amended to provide for verification once a right to sue letter has been issued. *Id.* at 157. Any lawsuit subsequently filed by a plaintiff can include"[o]nly those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable

investigation of the original complaint may be maintained in a subsequent Title VII lawsuit.'" *Chacko v. Patuxent Inst.*, 429 F.3d 505, 506 (4th Cir. 2005) (quoting *Evans v. Techs. Apps. & Serv. Co.*, 80 F.3d 954, 963 (4th Cir. 1996)).

Here, Plaintiff's Complaint states that she filed an EEOC charge; however, TAPE never received a copy of this charge, nor did Plaintiff file a copy of the charge with her Complaint. (Doc. 3 at 18.) Without a copy of the charge, it is impossible to determine whether the claims set forth in Plaintiff's Complaint are reasonably related to those set forth in her EEOC charge. *See Chacko*, 429 F.3d at 506. Therefore, the Court cannot determine whether Plaintiff exhausted her administrative remedies for any of the retaliation claims she asserts. Accordingly, Plaintiff has failed to allege facts establishing that she exhausted her administrative remedies. Because Plaintiff did not file an EEOC charge with her Complaint, the Court GRANTS Defendant's Motion to Dismiss for lack of subject matter jurisdiction as to Plaintiff's sex discrimination claim.

The facts alleged in Plaintiff's complaint do not plausibly establish that she engaged in protected activity and that she was subjected to adverse employment action as a result of her engagement in such activity. Consequently, Plaintiff has failed to plead a retaliation claim, and Defendant's Motion to Dismiss for failure to state a claim as to Plaintiff's retaliation claim is GRANTED. Further, Plaintiff has not alleged facts that would establish that she exhausted administrative remedies regarding her retaliation claim. Therefore, the Court GRANTS Defendant's Motion to Dismiss for lack of subject matter jurisdiction as to Plaintiff's retaliation claim.

## IV. CONCLUSION

The Court GRANTS Defendant Technical & Project Engineering Services, LLC's Motion to Dismiss as to the sex discrimination claim because Plaintiff did not show that Ms. Simpson's increased monitoring of her work and time amounted to severe or pervasive harassment creating a hostile working environment. The Court GRANTS Defendant TAPE's Motion to Dismiss as to the retaliation claim because no causal connection exists between Defendant's employment action and Plaintiff's filing; and further, Plaintiff did not demonstrate that she exhausted administrative remedies before filing her Complaint. Accordingly, it is hereby

**ORDERED** that Defendant's Motion to Dismiss (Doc. 2) as to Plaintiff's sex discrimination claim is **GRANTED**; and it is further

**ORDERED** that Defendant's Motion to Dismiss (Doc. 2) as to Plaintiff's retaliation claim is **GRANTED**.

**IT IS SO ORDERED.**

ENTERED THIS 17th day of December, 2014.

Alexandria, Virginia

12/17/14

/s/
Gerald Bruce Lee
United States District Judge